### Charles M. Barrett *vs.* Samuel O. Mead.

Proof that a company has attempted to form an organization under the statutes of another state, and has transacted business as a corporation *de facto*, and that its certificates of shares contain a recital that it was organized under the general laws of that state, is sufficient, in the absence of anything to control it, to authorize a jury to find that the company was duly incorporated, in a case in which the fact is only collaterally in issue.

A written contract for the transfer of shares in the capital stock of a company incorporated under the statutes of another state is void, under Gen. Sts. *c.* 105, § 6, unless the contracting party is, at the time of making the contract, the owner or assignee thereof, or authorized to sell or transfer the same. And it is immaterial that such contracting party had, as a broker, previously sold the same number of shares of the same corporation in violation of his instructions, and that he entered into the contract for the purpose of indemnifying the owner.

Contract. The declaration contained several different counts, which were averred to be for the same cause of action. One count alleged a failure to fulfil the following agreement: "Boston, April 22, 1862. On demand I agree to deliver unto Charles M. Barrett forty shares of the Petherick Mining Company stock upon the payment of sixty dollars. Saml. O. Mead." Another count set forth that the defendant, being indebted to the plaintiff for certain stock of the Petherick Mining Company, agreed to

pay him therefor in cash the sum of eight hundred dollars, which sum is now due to the plaintiff.

The answer, amongst other things, admitted that the defendant signed the agreement declared on, but averred that it was given without consideration ; that he did not then own and had not the right to sell any shares of said stock, and that the agreement was illegal and void ; and denied having agreed to pay the plaintiff eight hundred dollars, and averred that, if he did make such agreement, it was without consideration and void.

At the trial in the superior court, before *Ames,* J., the plaintiff testified that in the summer of 1861 he put one hundred shares of the stock of the Petherick Mining Company into the hands of the defendant, who was a stock broker, for sale, at the limited price of one dollar and a half per share ; that the defendant accordingly sold sixty at that rate, whereupon the plaintiff directed him not to sell the rest ; that soon after the defendant told the plaintiff that he had sold the other forty shares by mistake, but promised to give him forty shares at any time ; that the defendant then paid the plaintiff for the sixty shares, and afterwards, on the 22d of April 1862 paid the further sum of sixty dollars, and executed the agreement declared on ; that the shares subsequently rose in value, and in August 1863 the defendant promised to pay for them at the rate of twenty dollars a share, but afterwards refused to do so, or to deliver the shares.

The defendant denied some of the above statements, and introduced, under objection, certain evidence, which is sufficiently set forth in the opinion, to show that the Petherick Mining Company was a corporation duly organized under the general laws of Michigan ; and he testified that at the date of the written agreement he was not the owner, nor the assignee or agent of any owner, of any shares in the capital stock of that company.

The judge ruled that upon this evidence the plaintiff was not entitled to maintain his action, and a verdict was accordingly returned for the defendant. The plaintiff alleged exceptions.

*W. Brigham,* for the plaintiff, cited *Thompson* v. *Alger,* 12 Met. 428.

*S. W. Bates,* for the defendant.

HOAR, J.   The first question presented by the bill of exceptions is, whether the evidence was sufficient to show that the Petherick Mining Company was a company incorporated under a law of the State of Michigan.

The general statute of that state, providing for the incorporation of such companies, was proved by the production of the printed volume of laws, purporting to be published under the authority of the state government; which is *prima facie* evidence.   Gen. Sts. *c.* 131, § 63.   The proof that the company had attempted an organization under this statute, and had transacted business as a corporation *de facto* under that organization, was ample.   The certificates of shares of stock in the company, delivered by the plaintiff to the defendant, recited that the company was " organized under the general laws of Michigan." This constituted sufficient evidence, in the absence of anything to control it, to authorize the finding that the company was duly incorporated, in a case in which the fact was only collaterally in issue.

The defendant was then sued upon a contract for the transfer or sale of shares in the stock of a company incorporated under the laws of one of the United States, and he was not, at the time of making the contract, the owner or assignee of the stock nor authorized by the owner or assignee, or his agent, to make the sale or transfer.   Such a contract is void in law, and will not support an action.   Gen. Sts. *c.* 105, § 6.   The language of the statute is express and absolute, and admits of no exception derived from the purpose or consideration for which the contract is made.                                        *Exceptions overruled.*